1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Peter Jason Helfrich, IN BEHALF OF            No.  2:25-cv-0593 TLN AC PS
     PETER JASON HELFRICH,
12
              Plaintiff,
13                                                 ORDER AND FINDINGS AND
        v.                                         RECOMMENDATIONS
14
     DONALD TRUMP, JD VANCE, and
15   ELON MUSK,

16            Defendants.

17

18        Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

19   undersigned by E.D. Cal. 302(c)(21).  Plaintiff filed a request for leave to proceed in forma

20   pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C.

21   § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

22                                    **I.  Screening**

23        A.  Standards

24        The federal IFP statute requires federal courts to dismiss a case if the action is legally

25   "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A

27   claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

28   Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will

                                            1

1    (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

2    baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

3    (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton

4    Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.

5    1037 (2011).

6         The court applies the same rules of construction in determining whether the complaint

7    states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

8    must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

9    construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

10   less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

11   (1972).  However, the court need not accept as true conclusory allegations, unreasonable

12   inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

13   624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

14   to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

15   556 U.S. 662, 678 (2009).

16        To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

17   state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has

18   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

19   reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at

20   678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

21   to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.

22   Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

23   Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)) (en banc).

24        B.  The Operative Complaint

25        Plaintiff filed an initial complaint along with his motion to proceed in forma pauperis on

26   February 20, 2025.  ECF No. 1.  Plaintiff subsequently filed a motion for leave to amend (ECF

27   No. 4) and a First Amended Complaint (ECF No. 5).  Because plaintiff was free to amend without

28   court permission at this stage of the case, the motion to amend will be denied as moot.  Fed. R.

1    Civ. P. 15(a)(1)(A).  The First Amended Complaint is the operative complaint before the court for

2    screening.  Id.

3           Plaintiff asserts that he is a "non resident American National of Mount Shasta, California

4    Republic" and that he is bringing this case on behalf of "the PETER JASON HELFRICH TRUST

5    ©®" for violations of 42 U.S.C. § 1983 and the Americans with Disabilities Act.  ECF No. 5 at 2.

6    Plaintiff alleges that on July 11, 2024, defendant Gary Cable engaged in fraudulent

7    misrepresentation when he advertised and sold to plaintiff a non-operational bus.  Id.  Upon

8    realizing the bus was non-operational, plaintiff sued Cable in Yuba County Superior Court.  Id.

9    In retaliation, Cable submitted false affidavits and deliberately sabotaged the bus.  Id.  Plaintiff

10   alleges Cable also stole about $180 worth of his personal property. Id.

11          Plaintiff asserts that despite Cable's "clear default, the Judges of the Yuba County

12   Superior Court have failed to acknowledge these defaults and instead have engaged in behavior

13   suggesting bias."  Id. at 4.  Plaintiff alleges certain unnamed court clerks have engaged in

14   misconduct by mishandling legal documents and violating his right to fair legal process.  Id.

15   Plaintiff alleges the court violated his rights under the Americans with Disabilities Act by failing

16   to accommodate his disabilities, which impair his ability to comprehend and navigate complex

17   legal filings and procedures.  Id. at 5.

18          Plaintiff asks the court to remove the case that he filed in Yuba County Superior Court to

19   the United States District Court for the Eastern District of California.  Id. at 8.  He asks for

20   compensatory damages against Gary Cable for violations of § 1983.  Id.  Plaintiff asks the court

21   to issue a declaratory judgment that Cable and the Yuba County Superior Court Clerks engaged in

22   unconstitutional acts and violated plaintiff's rights, and to grant an injunction against them.

23   Plaintiff also seeks an order that defendants accommodate his rights under the Americans with

24   Disabilities Act.  Id. at 8.

25          C.  Analysis

26          There are several problems with plaintiff's First Amended Complaint which prevent this

27   case from moving forward.  First, plaintiff cannot state a claim against Gary Cable because he is a

28   private individual and §1983 and the ADA do not apply to him.  Second, plaintiff cannot remove

3

1    a case that he filed in state court to federal court, because only defendants can remove cases.

2    Third, plaintiff cannot sue judges or the court for actions taken in the adjudication of plaintiff's

3    lawsuit.  Fourth, plaintiff does not state a claim against court staff because he does not identify

4    any specific individuals or allege any specific facts regarding their wrongdoing.  Each of these

5    problems is explained below.

6                    1.    Plaintiff Cannot Sue a Private Person Under § 1983 or the ADA

7            Plaintiff alleges that defendant Gary Cable "is a private individual who engaged in actions

8    that violated numerous laws" including violations of plaintiff's constitutional rights and his rights

9    under the ADA.  ECF No. 5 at 3.  Because Cable is a private individual who engaged in private

10   conduct, he cannot be held liable under §1983 for constitution violations.  It is well-established

11   that a private individual does not act under color of state law, an essential element of a § 1983

12   action.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Purely private conduct, no matter how

13   wrongful, is not actionable under § 1983.  See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547,

14   559 (9th Cir.1974).; Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir.1996) (there is no

15   federal right to be free from the infliction of constitutional deprivations by private individuals).

16           Similarly, the ADA only applies to "public entities," such as state or local governments, or

17   "places of public accommodation."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002), 42

18   USC § 12132.  Furthermore, the factual basis of plaintiff's ADA claim as to Cable is unclear; no

19   specific facts are alleged that pertain to the ADA, except plaintiff's assertion that he is a person

20   with a disability.  Accordingly, plaintiff does not state a claim against defendant Cable.

21                    2.    Plaintiff Cannot Remove a Case He Filed in State Court

22           Plaintiff asks the court to remove his state court case under 28 U.S.C. §§ 1441.  ECF No.

23   5 at 8.  The removal statute provides that

24               [e]xcept as otherwise expressly provided by Act of Congress, any
                 civil action brought in a State court of which the district courts of the
25               United States have original jurisdiction, may be removed by the
                 defendant or the defendants, to the district court of the United States
26               for the district and division embracing the place where such action is
                 pending.
27

28   ////

                                                      4

1   28 U.S.C. § 1441(a) (emphasis added).  Section 1446, which outlines the procedure for removal,

2   similarly specifies that removal may be accomplished by "[a] defendant or defendants."  28

3   U.S.C. § 1446(a).  The ability to remove a case from state court is therefore limited to defendants.

4   See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104-05 (1941) (holding similar language

5   in previous removal statute limited privilege of removal to defendants alone).  Plaintiff is not

6   entitled to remove the action he filed in Yuba County to this court.

7               3.   Judicial Immunity Bars Plaintiff's Claims

8           Plaintiff names multiple judges and unnamed court staff from the Yuba County Superior

9   Court as defendants.  ECF No. 5 at 3.  Plaintiff alleges that court showed bias and that the judges

10  were colluding with Cable.  Id. at 4.  Plaintiff also alleges "certain clerks at the Yuba County

11  Superior Court are believed to have engaged in misconduct by selectively filing or withholding

12  essential legal documents, obstructing Plaintiff's access to the courts and violating his

13  constitutional right to a fair legal process."  Id.

14          Plaintiff's allegations against the judges and court staff of Yuba County Superior Court

15  are barred by judicial and quasi-judicial immunity.  "Judges in California have absolute judicial

16  immunity for acts performed in the exercise of their judicial functions, and it applies to all judicial

17  determinations, including those in excess of the judge's jurisdiction, no matter how erroneous or

18  even malicious or corrupt they may be."  Stahl v. Klotz, 440 F. Supp. 3d 1113, 1119 (E.D. Cal.

19  2020), citing Howard v. Drapkin, 222 Cal. App. 3d 843, 852 (1990).  The same absolute

20  immunity, called "quasi-judicial immunity," extends to court staff when they act in a judicial or

21  quasi-judicial capacity.  Id.   Actions must be viewed in context to determine whether they are

22  part of the judicial function.  The Ninth Circuit held that "acts which taken out of context would

23  appear ministerial, but when viewed in context are part of the judicial function" are judicial in

24  nature and give rise to judicial immunity.  In re Castillo, 297 F.3d 940, 951 (9th Cir. 2002).

25          Here, the judges named by plaintiff are plainly immune from suit.  Plaintiff's claims

26  against the judges arise from their decisions and handling of his lawsuit in Yuba County Superior

27  Court.  The unnamed clerk staff are also likely immune, though the lack of clarity in the

28  complaint makes it impossible to make a definitive determination about the applicability of quasi

1  judicial immunity.  Regardless, as explained below, plaintiff does not state a claim against court

2  staff.

### 4.  Plaintiff Does Not State a Claim Against Court Staff

4  Even if court staff are not immune from suit, plaintiff's claims against court staff fail

5  because the complaint does not identify any specific individuals, nor any specific acts these

6  unnamed individuals engaged in.  Indeed, the First Amended Complaint makes clear that plaintiff

7  has no substantive allegations against the unnamed clerks; that they are "believed to have

8  engaged in misconduct" is insufficient to state a legal claim.  ECF No. 5 at 4.  The complaint does

9  not contain sufficient factual matter to state a plausible claim for relief against court staff.  Iqbal,

10  556 U.S. at 678.

11  For all the reasons set forth above, the undersigned recommends that this case be

12  dismissed.

### II.  Leave to Amend is Not Appropriate

14  Leave to amend should be granted if it appears possible that the defects in the complaint

15  could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31

16  (9th Cir. 2000) (en banc).  However, if it is clear that a complaint cannot be cured by amendment,

17  the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06

18  (9thCir. 1995).  Here, the problems with the complaint cannot be cured by amendment because

19  adding additional facts would not solve the problems with the complaint.  Accordingly, dismissal

20  should be without leave to amend.

### III.  Pro Se Plaintiff's Summary

22  The Magistrate Judge is recommending that your case be dismissed because the court does

23  not have jurisdiction to hear the case.  You have 21 days to object to this recommendation if you

24  wish to do so.  The District Judge will make the final decision.

### IV.  Motion to Use Electronic Filing

26  Plaintiff filed a motion to participate in electronic filing. ECF No. 3.  The motion is

27  denied because it does not state whether plaintiff has regular access to a computer or an email

28  address that can be used in connection with electronic filing.  While the court is sensitive to

plaintiff's challenges in accessing the court, electronic filing cannot be approved without any indication that plaintiff would be able to effectively use the system.

### V. Conclusion

For the reasons explained above, it is HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED, the motion to for access to electronic filing (ECF No. 3) is DENIED, and the motion for leave to amend (ECF No. 4) is DENIED as moot.

It is FURTHER RECOMMENDED that the operative complaint (ECF No. 5) be DISMISSED and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  April 3, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7